# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RECLAIMED GOODS, LLC** | : | **DOCKET NO. 18-cv-00522** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **FRISARD'S TRUCKING COMPANY, INC., ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 5] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants, Frisard's Trucking Company and Arch Insurance (hereinafter "defendants"). The plaintiff in this matter, Reclaimed Goods, LLC (hereinafter "plaintiff") oppose the motion. Doc. 8.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons below, it is **ORDERED** that plaintiff be given leave to file an amended complaint within thirty days. Absent the filing of an amended complaint, the court will issue a Report and Recommendation that the Motion to Dismiss be granted and the complaint be dismissed with prejudice.

### I.
#### BACKGROUND

This matter arises from losses allegedly incurred by plaintiff from an interstate shipment of used lockers from Georgia to Calcasieu Parish, Louisiana. Doc. 1, att. 2. Specifically, plaintiff alleges that Frisard's negligently failed to properly stow and secure the used lockers prior to transporting the lockers to Louisiana thereby causing damage during shipment. *Id*. at p. 2. On February 26, 2018, plaintiff filed a petition for damages in the 14th Judicial District Court, Parish

of Calcasieu, Louisiana, alleging negligence, praying for damages as a result therefrom as well as judicial interest and costs. *Id*. at 2–3. Defendants subsequently removed the matter to this court, asserting that federal question jurisdiction, 28 U.S.C. § 1331, exists because plaintiff's claims arise under the Carmack Amendment, 49 U.S.C. § 14706. Doc. 1.

Defendants now bring the instant motion to dismiss, asserting that the Carmack Amendment preempts plaintiff's state law claims as a matter of law and that the petition should therefore be dismissed for failure to state a claim on which relief may be granted. Doc. 5, p. 1. Plaintiff opposes the exclusivity of the Carmack Amendment, averring that the Carmack Amendment does not preclude a state-law negligence claim. Doc. 8, pp. 1-2.

## II.
### LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct 1955, 1974 (2007)). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly* 127 S. Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

# III.
## APPLICATION

Defendants claim that complete preemption of plaintiff's claims under the Carmack Amendment results in their failure to state a claim on which relief may be granted. Doc. 5, att. 1, p. 1. Plaintiff maintains that the negligence claim is not precluded even considering the Carmack Amendment's express preemption of the state law claims. Doc. 8, p. 1.

The Carmack Amendment represents Congress's intent to create a national scheme to compensate for losses incurred in interstate shipment. Accordingly, the Fifth Circuit holds that the Carmack Amendment "provide[s] *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.*" *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis in original). "[T]he Carmack Amendment preempts any common law remedy that increases . . . liability beyond 'the actual loss or injury to the property,' unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998) (citation omitted). Thus, state-law claims against a carrier for negligence arising from goods damaged or lost in interstate shipment are preempted by the Carmack Amendment. *See Hartley v. Don Farr Moving and Storage*, 2017 WL 6395493, *3 (W.D. La. October 19, 2017); *Chisesi Bros. Meat Packing Co., Inc. v. Transco Logistics Co.*, 2017 WL 2189829, *4 (E.D. La. May 18, 2017). Punitive damages and attorney's fees are also not recoverable under the Carmack Amendment, and preemption under this law precludes such claims. *Morris*, 144 F.3d at 382-83 (5th Cir. 1998); *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876-77 (5th Cir. 1996); *see, e.g., Royal Air, Inc. v. AAA Cooper Transp., Inc.*, 395 F.Supp.2d 436, 441 (W.D. La. 2005).

Plaintiff maintains that the Carmack Amendment specifically contemplates the availability of a state-law negligence claim. However, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 123 S.Ct. 2058, 2063 (2003). Furthermore, the Carmack Amendment broadly defines transportation as including ". . . storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(23)(B). Failure to properly stow and secure the lockers during shipment thereby causing damage falls squarely within this broad definition. Consequently, plaintiff's state law negligence claim arising from the improper securing is preempted by the Carmack Amendment.

Plaintiff fails to show any other claim falling outside of the statute's broad definition or any justification for enlarging the carrier's liability and defendants have succeeded in showing that plaintiff cannot state a claim for relief on the state law grounds presented. Accordingly, the suit should be dismissed as requested under Rule 12(b)(6).

## IV.
### CONCLUSION

Based on the above,

**IT IS ORDERED** that plaintiff be given leave to file an amended complaint within thirty days of the signing of this order. Any amended complaint should address only a claim under the Carmack Amendment and should not attempt to state any state law negligence claim. Absent the filing of an amended complaint, the court will issue a Report and Recommendation that the Motion to Dismiss be granted and the complaint be dismissed with prejudice. Any state law claims proposed in the amended complaint will be subject to a Report and Recommendation suggesting those complaints should be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers this 7th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE